UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -cv-

WENDY ALVARADO

    Plaintiff,

v.

PORTOFINO CAFÉ, INC.

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, WENDY ALVARADO (hereafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint and sues Defendant, PORTOFINO CAFÉ, INC. (hereafter referred to as "Defendant"), and in support avers as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This is an action by the Plaintiff for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or cost for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter is in controversy is brought pursuant to Tittle VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et. seq., (as amended by the Pregnancy Discrimination Act 1976), to redress injury done to the Plaintiff by the Defendant for discriminatory treatment on the basis of gender and pregnancy found on Plaintiff's complaints of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade County, Florida, and Defendant is situated in Miami-Dade County, Florida within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business in Miami-Dade County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Plaintiff is a female former employee of Defendant and is a member of a class of persons protected from discrimination in her employment.

9. Plaintiff previously filed a timely charge of employment discrimination with the Florida Commission on Human Relations, the agency which is responsible for investigating claims of employment discrimination.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. On or about February 5, 2019, Plaintiff began her employment with the Defendant as a busser.

12. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

13. Plaintiff's duties included cleaning tables, taking dirty plates to the kitchen, refilling customers' glasses and resetting the tables.

14. On or about May of 2019, Plaintiff discovered she was pregnant.

15. On or about May 13, 2019, Plaintiff informed her supervisor, Mark, about the pregnancy.

16. After notifying Mark of the pregnancy, Defendant's attitude toward Plaintiff changed.

17. Mark asked Plaintiff until what date she would work. Plaintiff responded that she would work as long as she felt good to work.

18. Plaintiff was only one month pregnant at the time she discovered her pregnancy and notified Defendant.

19. On or about May 18, 2019, Defendant hired a new busser.

20. On or about May 19, 2019, Plaintiff was terminated by Defendant.

21. The bussed hired on May 18, 2019, replaced Plaintiff.

22. On or about May 19, 2019, Plaintiff requested to at least work 2 or 3 days with Defendant. Defendant denied her work accommodations and terminated her due to her pregnancy.

23. Prior to Plaintiff informing Defendant of her pregnancy, Defendant had told Plaintiff she was during an excellent job.

24. Plaintiff did not receive any warnings during her employment with Defendant.

25. Plaintiff was replaced by a non-pregnant person.

26. Plaintiff was fully capable of fulfilling her job duties.

27. As a result of Plaintiff's pregnancy, Plaintiff was denied the opportunity to work for Defendant.

28. On or about May 30, 2019, Plaintiff filed a complaint with Florida Commission on Human Relations (hereafter referred to as the "FCHR").

29. On or about December 22, 2020, the U.S. Equal Employment Opportunity Commission (hereafter referred to as the "EEOC") issued a "Notice of Suit Rights" to Plaintiff.

30. Plaintiff has suffered damages from the conduct of Defendant and their agents.

## COUNT I
## Title VII Violation of Civil Rights Act: Sex and Pregnancy

31. Plaintiff reasserts her allegations in paragraphs 1-30 as fully set forth herein.

32. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1) It shall be an unlawful employment practice for an employer:
>
> > (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

33. Plaintiff is a female and was pregnant at the time she was denied the opportunity to work, belonging to the groups entitled to protection under Title VII of the Civil Rights Act and under the Pregnancy Discrimination Act.

34. Defendant discriminated against Plaintiff because of her sex, female and/or pregnancy, when it terminated Plaintiff for these reasons in violation of Title VII of the Civil Rights Act and in violation of the Pregnancy Discrimination Act.

35. When Defendant's agents engaged in the aforementioned actions, they were acting within the scope of their authority as supervisor of Plaintiff, which was a supervisory position at Defendant. Therefore, they acted in a supervisory capacity for Defendant.

36. Plaintiff was qualified for the position of busser.

37. Plaintiff was treated less favorably than male employees because of her sex, female and/or because of her pregnancy.

38. Defendant's alleged basis for its adverse conduct against the Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

39. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, the sex and/or pregnancy of Plaintiff was a motivating factor for her termination by Defendant. Defendant was aware of Plaintiff's pregnancy at the time of the adverse employment action.

40. Plaintiff's termination from employment by Defendant was directly and proximately caused by Defendant's discrimination against Plaintiff because of her sex, female and/or because of her pregnancy.

41. As a result of the discriminatory conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

42. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

43. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223